**Robert Walter BONYNGE, Appellant,**

v.

**CITY OF MINNEAPOLIS, State of Minnesota, City of Edina, Respondents.**

**No. C2-88-1829.**

Court of Appeals of Minnesota.

Oct. 18, 1988.

Randall D.B. Tigue, Minneapolis, for Robert Walter Bonynge, appellant.

Timothy S. Skarda, Asst. City Atty., Minneapolis, for City of Minneapolis, respondent.

Hubert H. Humphrey, III, Atty. Gen., Thomas Johnson, Hennepin Co. Atty., Paul Schneck, Michael Richardson, Asst. Co. Attys., Minneapolis, for State, respondent.

Marsh J. Halberg, Edina, for City of Edina, respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and KALITOWSKI, JJ., without oral argument.

### SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

On June 15, 1988, allegedly pornographic materials were seized pursuant to a search warrant from the Edina home and Minneapolis bookstore of appellant Robert Bonynge. Bonynge brought a motion under Minn.Stat. § 626.21 (1986) for the return

and suppression as evidence of the materials seized. At the time the motion was brought, no criminal charges had been filed. The motion was denied, and Bonynge appealed from the order. On August 29, 1988, the same day the appeal was filed, the state filed a criminal complaint charging Bonynge and Victor Kruglov with the use of a minor in a sexual performance, Minn.Stat. § 617.246, subd. 2 (1986).

This court questioned its jurisdiction to consider this appeal and received memoranda on the issue.

## DECISION

■ An order denying a motion to suppress evidence in a criminal case is not an appealable order. Minn.R.Crim.P. 28.02, subd. 2(2); *State v. Bristol,* 276 Minn. 158, 149 N.W.2d 84 (1967). Minn.Stat. § 626.21, however, allows a person aggrieved ·by a search the opportunity to raise an issue not necessarily germane to any criminal prosecution, i.e. possession of property, before a criminal complaint has been filed and in a court which may not have jurisdiction over the criminal offense. *See* Minn.Stat. § 626.21 (motion may be made in district in which the material was seized). Moreover, since the promulgation of the Rules of Criminal Procedure, the statute is superfluous for purposes of criminal prosecutions.

■ The supreme court has only discussed whether the prosecution can appeal an order issued under Minn.Stat. § 626.21. *See State v. Carlson,* 281 Minn. 564, 565–66, 161 N.W.2d 38, 39 (1968) (state could not appeal based on record failing to show existing prosecution for violation of state law rather than municipal ordinance.) However, in light of the policy against piecemeal appellate review, we conclude a defendant has no right to appeal an order denying a motion to suppress and return under the section 626.21 where a criminal prosecution has commenced at the time appealability is considered.

Minn.Stat. § 626.21 (1986) reads in part as follows:

A person aggrieved by an unlawful search and seizure may move the district court of the district in which the property was seized or the municipal court having jurisdiction of the substantive offense for the return of the property and to suppress the use, as evidence, of anything so obtained * * * *. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention, and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the district where the trial is to be had.

\*      \*      \*      \*      \*      \*

The statute is nearly identical to Fed.R. Crim.P. 41(e) as it existed in 1963, when the statute was enacted. *See* 3 C. Wright, *Federal Practice and Procedure,* 571–72 (2d ed. 1982) (detailing amendments to Rule 41(e)). The U.S. Supreme Court recognized the problem of piecemeal appeals posed by Rule 41(e) in *DiBella v. United States,* 369 U.S. 121, 129, 82 S.Ct. 654, 659, 7 L.Ed.2d 614 (1962):

To regard such a disjointed ruling on the admissibility of a potential item of evidence in a forthcoming trial as the termination of an independent proceeding, with full panoply of appeal and attendant stay, entails serious disruption to the conduct of a criminal trial. (Footnote omitted)

The *DiBella* Court established the following rule:

When at the time of ruling [on the Rule 41(e) motion] there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment—in each such case the order on a suppression motion must be treated as "but a step in the criminal case preliminary to the trial thereof." *Cogen v. United States,* 278 U.S. 221, 227, 49 S.Ct. [118] 120 [73 L.Ed. 275]. Only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent.

*Id.* at 131–32, 82 S.Ct. at 660–61.

The Eighth Circuit Court of Appeals has held a criminal prosecution may be con-

sidered to be *in esse* even if the indictment is returned after the appeal has been filed. *United State v. Mid–States Exchange,* 815 F.2d 1227, 1228 (8th Cir.1987). This is not the rule in all circuits. *See* 3 C. Wright, *Federal Practice and Procedure.* § 678 (2d ed. Supp.1988). However, we believe it is the only practical approach. As the Eighth Circuit has stated:

> We believe consideration of subsequent events is appropriate and consistent with the avoidance of piecemeal appeals.

*In Re Search Warrants (Executed on Jan. 23, 1983),* 750 F.2d 664, 668 (8th Cir.1984). Because the state has filed a criminal complaint, the order is not appealable.

Appeal dismissed.