# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3322

_____

|  |  |  |
|---|---|---|
| Wallace James Beaulieu, | * | |
| | * | |
| Petitioner-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| State of Minnesota, | * | |
| | * | |
| Respondent-Appellee. | * | |

_____

Submitted: June 9, 2009
Filed: October 8, 2009

_____

Before SMITH, and SHEPHERD, Circuit Judges, and LIMBAUGH,[1] District Judge.

_____

SMITH, Circuit Judge.

A Minnesota trial court ordered that Wallace James Beaulieu be civilly committed as a sexually psychopathic personality (SPP) and a sexually dangerous person (SDP). Beaulieu's attorney appealed the commitment order after the appeals deadline had passed, and the Minnesota Court of Appeals dismissed the appeal as untimely. Beaulieu filed a petition for a writ of habeas corpus, arguing that the State of Minnesota ("State") lacked subject matter jurisdiction to enforce its civil

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

commitment statutes on an Indian reservation. The district court[2] dismissed Beaulieu's petition. On appeal, Beaulieu argues that his subject matter jurisdiction claim is not subject to procedural default and that his attorney's failure to file a timely appeal constitutes cause for any procedural default and resulted in actual prejudice. We reject Beaulieu's arguments and affirm the judgment of the district court.

## I. *Background*

On October 12, 2004, the State filed a petition to commit Beaulieu, an enrolled member of the Leech Lake Band of Ojibwe, as a SPP and a SDP pursuant to Minnesota Statutes §§ 253B.18 and 253B.185. Beaulieu's attorney moved to dismiss the commitment petition on the ground that the state trial court lacked jurisdiction over Beaulieu because of tribal sovereignty principles, but the trial court denied the motion. On March 17, 2006, the trial court ordered Beaulieu committed to the Minnesota Sex Offender Program, concluding that he satisfied the requirements for commitment as a SPP under Minnesota Statutes § 253B.02, subdivision 18b, and as a SDP under Minnesota Statutes § 253B.02, subdivision 18c. On July 3, 2006, the trial court ordered Beaulieu indeterminately committed as a SPP and a SDP. Minnesota law grants a right to appellate review of a commitment order or judgment "within 60 days after the date of filing of the order or entry of judgment." Minn. Stat. § 253B.23, subd. 7. Accordingly, Beaulieu's appeal was due by September 1, 2006.

On August 1, 2006, the trial court appointed Frank Bibeau to represent Beaulieu on appeal, and Bibeau filed an untimely appeal on September 8, 2006. After the Minnesota Court of Appeals ordered the parties to file informal memoranda addressing the untimeliness issue, the State moved to dismiss Beaulieu's appeal. Beaulieu filed an application for relief from judgment with the trial court, requesting that the court "find that [his] mistake, inadvertence[,] and accidental neglect [was]

---

[2]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.

excusable" and stay the time to appeal. In the application for relief from judgment, Beaulieu's attorney admitted that he "did misread/misinterpret and make a genuine plain error and genuine mistake in erroneously filing the appeal of the indeterminate commitment order untimely." Beaulieu attached his application for relief from judgment as an exhibit to his informal memorandum filed with the Minnesota Court of Appeals. Emphasizing that it lacked authority to vacate a final judgment for the purpose of extending the time to file an appeal, the trial court ultimately denied Beaulieu's application for relief from judgment.

The Minnesota Court of Appeals dismissed Beaulieu's appeal as untimely, specifically rejecting Beaulieu's argument that his appeal should not be dismissed because he had raised a challenge to the trial court's subject matter jurisdiction. The Minnesota Supreme Court denied Beaulieu's petition for review.

On December 5, 2006, Beaulieu filed a pro se petition for a writ of habeas corpus in district court pursuant to 28 U.S.C. § 2254. In his petition, Beaulieu argued that the "State of Minnesota lacks subject matter jurisdiction to enforce civil statutes on an Indian reservation." The magistrate judge concluded that Beaulieu had procedurally defaulted his claim and failed to demonstrate any cause excusing the default. Adopting the magistrate judge's report and recommendation, the district court dismissed Beaulieu's petition with prejudice.

II. *Discussion*

Section 2254(a) of 28 U.S.C. authorizes a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Federal habeas relief can be granted on a claim "adjudicated on the merits in State court proceedings" only if the state court adjudication either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

"Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988). "This requirement implicates consideration of . . . whether the petitioner has exhausted all remedies available in the courts of the state at the time the federal habeas corpus petition is filed," as well as "whether he has preserved his claims for federal habeas corpus review by complying with state procedural rules governing their presentation." *Id.*

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate *cause for the default* and *actual prejudice* as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added). "[C]ounsel's ineffectiveness will constitute cause only if it is an independent constitutional violation." *Id.* at 755. We have held "that no showing of prejudice or likelihood of success on the merits need be made to show ineffective assistance of counsel for failure to file a timely appeal." *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir. 1982).

A. *Subject Matter Jurisdiction*

Beaulieu first argues that his subject matter jurisdiction claim is not subject to procedural default and that the Minnesota Court of Appeals thus erred in dismissing his appeal as untimely. Beaulieu emphasizes that subject matter jurisdiction is not

subject to waiver. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("This latter concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court.").

Although Beaulieu is correct that subject matter jurisdiction is not subject to waiver, that is not the issue before us. The issue before us is whether Beaulieu's subject matter jurisdiction challenge to Minnesota's civil commitment action precludes a finding of procedural default for purposes of federal habeas review. We are not addressing whether subject matter jurisdiction is subject to waiver before the state court. And we have held that "[j]urisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994). Whether Minnesota had jurisdiction of his claim was a matter for the Minnesota courts to address. *See id.* Beaulieu misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default.[3] Beaulieu's claim is procedurally defaulted and unreviewable in federal court because he failed to present it in a timely manner to the Minnesota courts.

---

[3]We also reject Beaulieu's reliance on *United States v. Mooring*, 287 F.3d 725 (8th Cir. 2002). In *Mooring*, the defendant appealed the denial of his 28 U.S.C. § 2255 motion, in which he had argued that the district court lacked jurisdiction to impose an enhanced sentence because the government had failed to comply with 21 U.S.C. § 851(a)(1) (requiring the government to file an information identifying a defendant's prior conviction before that conviction can be used to enhance the defendant's sentence). *Id.* at 727. We held that the government's failure to comply with § 851(a)(1) was not a jurisdictional defect but noted that, if the error were jurisdictional, it could "be raised on collateral review without being subjected to procedural default analysis." *Id.* Because the alleged jurisdictional defect in *Mooring* arose in federal court rather than in state court and the case was not before us on habeas review, Beaulieu's reliance on *Mooring* is misplaced.

B. *Failure To Exhaust*

Having concluded that Beaulieu's subject matter jurisdiction claim does not preclude a finding of procedural default for purposes of federal habeas review, we next turn to Beaulieu's argument that his attorney's failure to file a timely appeal constitutes cause for his procedural default and resulted in actual prejudice. *See Coleman*, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation . . . ."). Beaulieu contends that he satisfies the cause and prejudice requirements because his attorney's failure to file a timely appeal constituted ineffective assistance of counsel in violation of the Sixth Amendment.

The State responds that Beaulieu cannot rely on an alleged Sixth Amendment violation to demonstrate cause and prejudice because he failed to exhaust his ineffective-assistance-of-counsel claim in state court. Section 2254(b)(1)(A) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." Under § 2254(c), "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."

"[T]he exhaustion doctrine requires that a claim for ineffective assistance of counsel be initially 'presented to the state courts as an independent claim before it may be used to establish cause for a procedural default' in a federal habeas proceeding." *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003) (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). Explaining that "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," the Supreme Court has held

"that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Similarly, "we require habeas petitioners to present to the state courts 'the same specific claims of ineffective assistance made out in the habeas petition.'" *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995) (quoting *Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir. 1990)).

The State argues that the magistrate judge correctly concluded that Beaulieu "has never asserted to . . . a state court that [his attorney's] performance was constitutionally ineffective." Beaulieu claims that he did, in fact, adequately raise his ineffective-assistance-of-counsel claim before the Minnesota Court of Appeals, emphasizing that (1) he included a copy of his application for relief from judgment as an exhibit to his memorandum addressing the untimeliness issue and (2) in that application, his attorney accepted responsibility for filing the untimely appeal. Although Beaulieu does refer to his application for relief from judgment in the memorandum, he never specifically raises an ineffective-assistance-of-counsel claim. Beaulieu has not "invok[ed] one complete round of [Minnesota's] established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The State also argues that Beaulieu's proper remedy is to petition for habeas relief in Minnesota state court. *See State ex rel. Anderson v. U.S. Veterans Hosp.*, 128 N.W.2d 710, 714 (Minn. 1964) (holding that "a person committed because of mental illness can test the legality of his confinement by habeas corpus"); Minn. Stat. § 253B.23, subd. 5 ("Nothing in [the civil commitment] chapter shall be construed to abridge the right of any person to the writ of habeas corpus."). Beaulieu concedes that he has not petitioned for habeas relief in Minnesota state court, but he argues that doing so would be futile because *State ex rel. Thomas v. Rigg*, 96 N.W.2d 252 (Minn. 1959), suggests that a state habeas petition is barred if it raises issues that could have been raised on direct appeal absent a procedural bar. But the Minnesota Supreme

Court simply stated in *Thomas* "that habeas corpus may not be used as a substitute for a writ of error or appeal or as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant" and clarified that "[t]his principle applies even though defendant has permitted the time for appeal to elapse." *Id.* at 257. Beaulieu cites no authority demonstrating that petitioning for habeas relief in Minnesota state court would be futile. Because Beaulieu "has the right under the law of [Minnesota] to raise . . . the question presented," he "shall not be deemed to have exhausted the remedies available in the courts of [Minnesota]." 28 U.S.C. § 2254(c).

Beaulieu has not invoked one complete round of Minnesota's appellate review process and can seek habeas relief in Minnesota state court. Therefore, the exhaustion doctrine prevents us from considering whether the failure of Beaulieu's attorney to file a timely appeal constitutes cause for his procedural default and resulted in actual prejudice. The district court did not err in dismissing Beaulieu's habeas petition.

### III. *Conclusion*
Accordingly, we affirm the judgment of the district court.

_____