Wallace **BEAULIEU, Appellant,**

v.

**MINNESOTA DEPARTMENT OF HUMAN SERVICES,**
**et al., Respondents.**

No. A10–1350.

Supreme Court of Minnesota.

Jan. 30, 2013.

Rehearing Denied March 15, 2013.*

---

* WRIGHT, J., took no part in the consideration or decision of this case.

Daniel E. Gustafson, David Goodwin, Joseph Bourne, Gustafson Gluek PLLC, Minneapolis, Minnesota, for appellant.

Lori Swanson, Attorney General, Angela Helseth Kiese, Assistant Attorney General, Saint Paul, Minnesota, for respondent.

Teresa Nelson, Saint Paul, Minnesota, for amicus curiae American Civil Liberties Union of Minnesota.

## OPINION

ANDERSON, G. BARRY, Justice.

Wallace Beaulieu, an enrolled member of the Leech Lake Band of Ojibwe, was

civilly committed to the Minnesota Sex Offender Program ("MSOP") in 2006 as a Sexual Psychopathic Personality ("SPP") and a Sexually Dangerous Person ("SDP"). Beaulieu is currently confined to the MSOP secure treatment facility in Moose Lake, Minnesota, operated by the Minnesota Department of Human Services. On appeal to this court, Beaulieu challenges his indeterminate civil commitment asserting three substantive claims. First, Beaulieu argues the district court lacked subject matter jurisdiction to civilly commit an enrolled member of the Leech Lake Band of Ojibwe. Second, Beaulieu argues the doctrines of collateral estoppel and res judicata precluded the State from presenting in the civil commitment proceeding evidence of conduct alleged in earlier criminal cases that ended in acquittals.[1] Third, he argues the State violated the Minnesota Constitution when it indeterminately committed him without a trial by jury. Because we conclude that Beaulieu's substantive challenges to his indeterminate civil commitment fail on the merits or were waived, we affirm the district court's denial of Beaulieu's petition for a writ of habeas corpus.

*Civil commitment proceedings*

In October 2004, Beltrami County filed a petition in the Beltrami County District Court to commit Beaulieu, pursuant to Minn.Stat. §§ 253B.18 and 253B.185 (2012), as an SPP under Minn.Stat. § 253B.02, subd. 18b (2012), and an SDP under Minn.Stat. § 253B.02, subd. 18c (2012).[2] Prior to the civil commitment trial, Beaulieu moved to dismiss the commitment petition, arguing that the state district court lacked subject-matter jurisdiction over Beaulieu as a member of the Leech Lake Band of Ojibwe. The court denied Beaulieu's motion.

At the civil commitment bench trial, the State presented evidence regarding Beaulieu's extensive history of criminal conduct, anti-social behavior, and resistance to treatment. The State also presented evidence that in 1990, 1992, 1999, and 2002, Beaulieu engaged in serious sexual misconduct. Based on the evidence presented, the district court found that the State had proven by clear and convincing evidence that Beaulieu had sexually assaulted four different victims between 1990 and 2002. The facts of each incident and the court's findings are discussed in more detail below.

1. Beaulieu raises two additional issues that arise out of the procedural history of this case. Appellate counsel filed an untimely notice of appeal from the judgment of indeterminate civil commitment and Beaulieu's efforts to assert an ineffective-assistance-of-appellate-counsel claim through federal and state habeas corpus proceedings have so far been unsuccessful. The two issues that arise from this procedural history are (1) whether a person has a right to the effective assistance of counsel on appeal from an indeterminate civil commitment, and (2) if so, whether filing of a petition for a writ of habeas corpus is the proper procedure for asserting an ineffective-assistance-of-appellate-counsel claim. We need not decide these issues because, even if we assumed that a person had a right to effective assistance of counsel on appeal from

an indeterminate civil commitment and that filing a petition for a writ of habeas corpus was the proper procedure for asserting an ineffective-assistance-of-appellate-counsel claim, Beaulieu would still be entitled to no relief because his three substantive challenges to his indeterminate civil commitment fail on the merits or were waived. This conclusion is consistent with *Dodge v. Minnesota Mining and Manufacturing Company*, 278 N.W.2d 97 (Minn.1979). In *Dodge*, we did not reach a procedural issue because the plaintiffs' damage claims lacked substantive merit. *Id.* at 101.

2. In early 1996, Saint Louis County had filed a petition to commit Beaulieu as an SDP, but the petition was dismissed in May 1996 after a contested trial.

In 1990, the State filed criminal charges against Beaulieu alleging that he beat and repeatedly sexually assaulted his adult female cousin, M.L.H. Beaulieu pleaded guilty, entering *Alford* pleas to third-degree criminal sexual conduct, third-degree assault, and kidnapping. Later, during examinations for the commitment trial, Beaulieu admitted that he beat, sexually assaulted, and threatened to kill M.L.H. The district court found the State proved by clear and convincing evidence that Beaulieu sexually assaulted M.L.H.

In 1992, while Beaulieu was still on probation for the 1990 incident, the State filed criminal charges against Beaulieu alleging that he sexually assaulted a 13–year–old girl, T.L.K. Beaulieu again pleaded guilty, entering an *Alford* plea to third-degree criminal sexual conduct. During examinations for the commitment trial, Beaulieu admitted he sexually assaulted T.L.K. Based on the evidence presented at the civil commitment trial, the district court found the State proved by clear and convincing evidence that Beaulieu sexually assaulted T.L.K.

In 1999, the State filed criminal charges against Beaulieu alleging that he sexually assaulted a 26–year–old female, T.H. Beaulieu pleaded not guilty and demanded a jury trial. Concluding that the State had not proven beyond a reasonable doubt that Beaulieu sexually assaulted T.H., the jury found Beaulieu not guilty in the criminal case. At the civil commitment trial, T.H. renewed her testimony that Beaulieu sexually assaulted her. The district court found the State proved by clear and convincing evidence that Beaulieu sexually assaulted T.H.

In 2002, the State filed criminal charges against Beaulieu alleging that he sexually assaulted an adult female, B.L.S. Beaulieu pleaded not guilty and demanded a jury trial. Concluding that the State had not proven beyond a reasonable doubt that Beaulieu sexually assaulted B.L.S., the jury found Beaulieu not guilty in the criminal case. At the civil commitment trial, B.L.S. renewed her testimony that Beaulieu sexually assaulted her. Based on the evidence presented at the civil commitment trial, the district court found the State proved by clear and convincing evidence that Beaulieu sexually assaulted B.L.S.

At the conclusion of the civil commitment trial, the district court provided the parties an opportunity to submit proposed findings. On March 8, 2006, after the civil commitment trial but before the court's ruling on the commitment petition, Beaulieu filed a pro se supplemental brief in the district court alleging a number of claims, including a claim that the evidence of the B.L.S. assault was improperly admitted because he had been "Acquitted outright after a Criminal Jury Trial." Without expressly addressing Beaulieu's pro se claims, the court ordered Beaulieu initially committed to the MSOP, determining that Beaulieu satisfied the requirements for commitment as an SPP under Minn.Stat. § 253B.02, subd. 18b, and as an SDP under Minn.Stat. § 253B.02, subd. 18c. The court's order described in detail the court's findings regarding Beaulieu's history of harmful sexual conduct.

In June 2006, the district court held a review hearing of Beaulieu's initial commitment as required by Minn.Stat. § 253B.18, subd. 2. After considering the MSOP's treatment report, the court ordered on July 3, 2006, that Beaulieu be indeterminately committed as an SPP and SDP.

*Untimely appeal from the judgment of indeterminate commitment*

The district court appointed appellate counsel to represent Beaulieu. On September 8, 2006, appellate counsel filed a

notice of appeal from the July 3 order indeterminately committing Beaulieu as an SPP and SDP. The notice of appeal listed three issues: (1) whether Indian sovereignty principles barred Beaulieu's commitment, (2) whether the State violated Beaulieu's constitutional rights when it indeterminately committed him without a trial by jury, and (3) whether res judicata and collateral estoppel barred the State's use of prior charges in the civil commitment proceedings when Beaulieu had been found not guilty of those charges by a jury.

The court of appeals dismissed Beaulieu's appeal as untimely, and we denied review.[3] *In re Beaulieu,* A06–1702, Order (Minn. App. filed Oct. 3, 2006), *rev. denied* (Minn. Nov. 22, 2006).

*Federal and state habeas proceedings*

Beaulieu filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 (2006), with the federal district court on December 5, 2006.[4] The federal district court denied the petition.[5] On appeal, the Eighth Circuit affirmed.[6] *Beaulieu v. Minnesota,* 583 F.3d 570 (8th Cir.2009).

**3.** Pursuant to Minn.Stat. § 253B.23, subd. 7 (2012), Beaulieu had 60 days after the July 3 order in which to file an appeal, requiring a timely appeal to be filed by September 1, 2006. Appellate counsel did not file the notice of appeal until September 8, 2006. The following facts arguably contributed to the filing delay: appellate counsel did not become aware of this appointment until August 13, 2006, and appellate counsel was never served with a copy of the district court's July 3 order of indeterminate commitment.

**4.** In his federal habeas petition, Beaulieu asserted that: (1) the State of Minnesota lacked subject matter jurisdiction to enforce the civil commitment statutes on the Leech Lake Indian Reservation; (2) the civil commitment statutes violated the prohibition against double jeopardy and ex post facto laws; (3) the civil commitment statutes violated his right to a jury trial; and (4) use of testimony from victims involved in incidents that were the subject of prior acquittals violated the doctrines of res judicata and collateral estoppel.

**5.** A federal magistrate judge recommended that the federal district court deny Beaulieu's petition, concluding that the court was precluded from hearing Beaulieu's claims, with the exception of the double jeopardy/ex post facto argument, because Beaulieu had failed to meet the "state procedural requirement" of filing an appeal within 60 days, pursuant to Minn.Stat. § 253B.23, subd. 7. *Beaulieu v. Minnesota,* No. 06–CV–4764, 2007 WL 2915077, at *3–4 (D.Minn. Oct. 4, 2007). The judge also found that Beaulieu could not show "cause for the procedural default and prejudice resulting from it, or ... a fundamental miscarriage of justice," that would

allow the court to hear his procedurally barred claims. *Id.* at *4. Nor had Beaulieu shown that a factor "external to the defense" impeded his efforts to comply with the 60–day filing requirement. *Id.* Although the magistrate judge recognized that ineffective assistance of counsel could constitute such an external factor, she noted that Beaulieu had failed to assert that the assistance of his attorney had been ineffective. *Id.,* n.5.

The federal district court appointed federal habeas counsel, Daniel Gustafson, who is serving as Beaulieu's counsel in the present matter. Gustafson filed objections to the magistrate's report and recommendation, asking the court to grant Beaulieu's petition for habeas corpus. Although the court dismissed Beaulieu's habeas petition with prejudice, it granted Beaulieu's request for a certificate of appealability on the issues of whether Beaulieu's claim of subject matter jurisdiction could be procedurally defaulted and whether the failure to file a timely appeal constituted cause for any procedural default and resulted in actual prejudice. *Beaulieu v. Minnesota,* 583 F.3d 570, 574–75 (8th Cir.2009).

**6.** On appeal, the Eighth Circuit affirmed the federal district court's dismissal of Beaulieu's habeas petition. *Beaulieu v. Minnesota,* 583 F.3d 570 (8th Cir.2009). The court clarified that it was "not addressing whether subject matter jurisdiction is subject to waiver before the state court," but went on to hold that Beaulieu's "subject matter jurisdiction claim does not preclude a finding of procedural default." *Id.* at 574. The court determined that "Beaulieu's claim is procedurally defaulted and unreviewable in federal court because he failed to present it in a timely manner to

On December 18, 2009, Beaulieu filed a petition for a writ of habeas corpus under Minn.Stat. ch. 589 (2012), in Carlton County District Court, asserting a claim of ineffective assistance of appellate counsel.[7] The court summarily dismissed Beaulieu's petition in June 2010, and the court of appeals affirmed.[8] *Beaulieu v. Minn. Dep't of Human Servs.*, 798 N.W.2d 542 (Minn.App.2011). We granted Beaulieu's petition for further review, and later requested supplemental briefing from the parties on the following issues: Whether Indian sovereignty principles barred Beau-

the Minnesota courts." *Id.* With respect to the ineffective-assistance-of-counsel claim, the Eighth Circuit found that federal habeas relief was inappropriate because Beaulieu had not exhausted his state remedies by failing to assert to a state court that his attorney's performance was constitutionally ineffective. *Id.* at 575–76. According to the court, a petitioner has not exhausted state remedies " 'if he has the right under the law of the State to raise, by any available procedure, the question presented.' " *Id.* at 575 (quoting 28 U.S.C. § 2254(c)). The State argued, and the court found "that Beaulieu's proper remedy is to petition for habeas relief in Minnesota state court," and that Beaulieu "cite[d] no authority demonstrating that petitioning for habeas relief in Minnesota state court would be futile." *Id.* at 575–76. Because Beaulieu "ha[d] not invoked one complete round of Minnesota's appellate review process and c[ould] seek habeas relief in Minnesota state court," the court found it was barred "from considering whether the failure of Beaulieu's attorney to file a timely appeal constitutes cause for his procedural default and resulted in actual prejudice." *Id.* at 576.

7. In his state habeas petition, Beaulieu asserted that he "was denied his constitutional right to due process when his statutory right to appeal his civil commitment was defaulted due to his court-appointed counsel['s] ineffectiveness." Beaulieu argued that "[w]here a right to counsel exists, due process cannot tolerate anything but effective assistance of appointed counsel"; therefore, appellate counsel's "failure to meet a critical deadline resulting in his client being denied his statutory right of appeal is the exact type of attorney error that the doctrine of ineffective assistance of counsel was meant to protect against."

In response to Beaulieu's state habeas petition, the State argued that the "habeas procedure may not be used as a substitute for appeal," and the mere fact that "the petitioner has permitted the time to elapse for an appeal or writ of error gives him no right to use habeas corpus as a substitute." The State went on to argue that Beaulieu's claim of ineffective assistance of counsel failed because he could not show prejudice. More specifically, the State argued that Beaulieu could not show that had he had other counsel there was a "reasonable probability that the result of the proceeding would have been different," because Minnesota state courts had already decided most of the issues asserted in Beaulieu's untimely appeal in a manner contrary to Beaulieu's interests.

Although we do not decide whether filing of a petition for a writ of habeas corpus is the proper procedure for asserting an ineffective-assistance-of-appellate-counsel claim, we note that Minn. R. Civ. P. 60.02 provides a mechanism by which an indeterminately civilly committed individual can raise ineffective-assistance-of-counsel claims. *See In re Civil Commitment of Lonergan*, 811 N.W.2d 635, 642 (Minn.2012) (explaining that Rule 60.02 can be used to challenge ineffective assistance of counsel because "the Commitment Act does not provide any procedures for a patient indeterminately committed as an SDP or SPP to raise nontransfer, nondischarge claims such as ineffective assistance of counsel").

8. The district court found that Beaulieu could not show that his due process rights were violated when his attorney failed to file a timely appeal. On appeal, the court of appeals concluded that Beaulieu could only obtain habeas relief "if he can establish that he is restrained because of a constitutional violation." *Beaulieu v. Minn. Dep't of Human Servs.*, 798 N.W.2d 542, 548 (Minn.App.2011). The court went on to find that Beaulieu had no constitutional right under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to effective representation by counsel in his civil commitment proceedings. *Id.* at 550. Because Beaulieu alleged only a violation of his statutory right to counsel, the court denied his habeas petition. *Id.* at 551.

lieu's civil commitment; whether Beaulieu waived appellate review of the claims relating to res judicata, collateral estoppel, and the right to a jury trial; and whether, in the absence of waiver, Beaulieu was entitled to relief on those claims.[9]

In his supplemental brief, Beaulieu claims his indeterminate civil commitment was invalid for three reasons. First, Beaulieu claims the district court did not have jurisdiction to civilly commit him because Beaulieu is an enrolled member of an Indian tribe. Second, Beaulieu claims his constitutional rights were violated when he was indeterminately civilly committed without a jury trial. Finally, Beaulieu claims the court violated principles of res judicata and collateral estoppel when it allowed the State to use evidence of prior criminal charges in Beaulieu's subsequent civil commitment proceeding when Beaulieu had been found not guilty of those charges by a jury. With regard to the waiver issues, Beaulieu contends that he raised the claims relating to res judicata, collateral estoppel, and the right to a jury trial in his March 2006 pro se supplemental brief. As discussed below, we conclude that Beaulieu's substantive challenges to his indeterminate civil commitment lack merit or were waived, and therefore affirm the court of appeals' decision upholding the district court's summary denial of Beaulieu's petition for a writ of habeas corpus.

## I.

■ We first consider whether the district court had subject matter jurisdiction to civilly commit Beaulieu, despite the fact that Beaulieu is an enrolled member of the Leech Lake Band of Ojibwe.

Resolution of this question is squarely controlled by our decision in *In re Civil Commitment of Johnson,* 800 N.W.2d 134 (Minn.2011), in which we held that state district courts have subject matter jurisdiction to commit enrolled members of Indian tribes. In *Johnson* we expressly held that "[b]ased on the terms of Minnesota's civil commitment statute ... appellants' commitments were civil causes of action subject to Congress' express grant of civil jurisdiction under [28 U.S.C. §] 1360(a) [2006], and that the district court therefore had jurisdiction to commit appellants" who were enrolled members of the Bois Forte Band and Leech Lake Band of the Minnesota Chippewa Tribe. 800 N.W.2d at 136–37, 144. Moreover, in *Johnson* we recognized that the district court had subject matter jurisdiction "because the state's exceptional interests justify the exercise of jurisdiction over appellants," such that jurisdiction was not preempted by federal law. *Id.* at 144, 147–48. We explained that "Minnesota's 'jurisdiction is pre-empted ... if it interferes or is incompatible with federal and tribal interests reflected in federal law, unless the state interests at stake are sufficient to justify the assertion of state authority.'" *Id.* at 144 (quoting

9. In our briefing order, we confined Beaulieu's brief to the issues that were raised in his untimely notice of appeal. In his supplemental brief, Beaulieu challenges that limitation, arguing that he should not be confined to the issues that were raised in his original notice of appeal because "[e]ffective counsel may well have raised other issues that [his prior appellate counsel] did not." We disagree. Beaulieu challenged the effectiveness of his appellate counsel only with respect to his attorney's "failure to meet a critical deadline," and not his attorney's failure to raise appropriate arguments in the notice of appeal. In other words, it was the miscalculation of the appeal deadline that gave rise to Beaulieu's argument that his counsel's representation fell below an objective standard of reasonableness. Therefore, restricting Beaulieu's appeal to those issues raised initially in the untimely notice of appeal most effectively places Beaulieu in the position he would have been in had his attorney's error not resulted in an untimely appeal.

*New Mexico v. Mescalero Apache Tribe,* 462 U.S. 324, 334, 103 S.Ct. 2378, 76 L.Ed.2d 611 (1983)). In applying that test, we noted that the federal Indian Health Care Improvement Act, 25 U.S.C. § 1601–83 (2006), does not "provide for the commitment of Indians as sexually dangerous persons," and that Congress had only "provided for the civil commitment of *federal* prisoners," evidencing an intent to make states responsible for the civil commitment of sexually dangerous individuals. *Id.* at 145–46. We also concluded that the district court's exercise of subject matter jurisdiction did not impede federal goals of tribal self-governance because the conduct of appellants had occurred both on and off the reservation and neither the Leech Lake nor Bois Forte Bands "have laws or facilities to provide treatment for sexually dangerous persons." *Id.* at 146–47. Finally, we concluded that "[t]he State of Minnesota's interest in enforcing chapter 253B is significant," because Minnesota has a compelling interest " 'in both protecting the public from sexual violence and rehabilitating the mentally ill.' " *Id.* at 147 (quoting *In re Linehan,* 594 N.W.2d 867, 872 (Minn.1999)).

■ Beaulieu acknowledges that the district court's subject matter jurisdiction over his commitment proceeding is a settled question under *Johnson,* but argues that *Johnson* was "incorrectly decided." "We are 'extremely reluctant to overrule our precedent under principles of *stare decisis.*' " *State v. Martin,* 773 N.W.2d 89, 98 (Minn.2009) (quoting *State v. Lee,* 706 N.W.2d 491, 494 (Minn.2005)). We will only overrule a prior decision if there is a "compelling reason" to do so. *Lee,* 706 N.W.2d at 494 (citation omitted) (internal quotation marks omitted). Beaulieu points to no compelling reason for us to overrule *Johnson,* a recently decided case. The reasoning underlying the holding in *John-*

*son* is sound, and the considerations compelling our conclusion in *Johnson* that the district court had subject matter jurisdiction continue to apply with equal force. Beaulieu does not argue that Congress has revoked its express grant of jurisdiction. Nor does Beaulieu argue that the balance of federal and state interests in the context of civil commitment for sexually dangerous persons has changed. Indeed, as in *Johnson,* the Leech Lake Band of Ojibwe does not provide its own treatment for sexually dangerous persons, and Beaulieu's misconduct occurred both on and off the reservation. Additionally, Beaulieu has presented no reason to conclude that Minnesota's interest in protecting the public from sexual violence has changed from when we decided *Johnson.* Because there is no compelling reason to overturn *Johnson,* we hold that the district court had subject matter jurisdiction to indeterminately civilly commit Beaulieu.

## II.

■ Beaulieu next argues that he did not waive his right to appellate review of the claim relating to the doctrines of res judicata and collateral estoppel because he raised that claim in his March 2006 pro se supplemental brief. We agree.

Although Beaulieu did not use the terms "res judicata" or "collateral estoppel" in his pro se supplemental brief, he did state that civilly committing him based on the B.L.S. assault amounted to him "being found guilty of that offense even though he was Acquitted by the Jury. It is the Jury's job to determine Guilt or innocence, and their verdict of not guilty cannot be overturned by a Judge." Viewing that statement in light of the overall argument presented in Beaulieu's pro se supplemental brief, we conclude that Beaulieu adequately raised a claim of res judicata/collateral estoppel in the district court, and

therefore he did not waive his right to appellate review of that claim.

■ With regard to the substantive merit of the claim, Beaulieu argues that the district court violated the doctrines of res judicata and collateral estoppel by allowing the State to present at the civil commitment trial evidence of the conduct alleged in the 1999 and 2002 criminal cases because those cases ended in acquittals. We disagree.

■ "Res judicata and collateral estoppel are related doctrines." *Rucker v. Schmidt,* 794 N.W.2d 114, 117 n. 4 (Minn. 2011). Res judicata precludes "a subsequent claim when: (1) the earlier claim involved the same claim for relief; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." *State v. Joseph,* 636 N.W.2d 322, 327 (Minn.2001). "Collateral estoppel precludes parties to an action from relitigating in subsequent actions issues that were determined in the prior action." *State v. Lemmer,* 736 N.W.2d 650, 658 (Minn.2007) (citation omitted) (internal quotation marks omitted). The doctrines of res judicata and collateral estoppel, however, do not preclude the State from offering in a civil case evidence of conduct alleged in an earlier criminal case that ended in an acquittal because the burden of proof in a criminal case is higher than the burden of proof in a civil case. *See In re Estate of Congdon,* 309 N.W.2d 261, 270 (Minn.1981) (explaining that "the different degree of the burden of proof between criminal and civil cases also precludes application of the doctrine of 'res judicata' "); *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 362, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984) (stating that "the difference in the relative burdens of proof in the criminal and civil actions precludes the application of the doctrine of collateral estoppel"). We therefore conclude that the district court did not err in allowing the State to present evidence, at the civil commitment trial, of the conduct alleged in the 1999 and 2002 criminal cases.

III.

■ With regard to the issue of whether Beaulieu waived his right to appellate review of his jury trial claim, Beaulieu contends that he raised such a claim in his March 2006 pro se supplemental brief. We disagree.

Beaulieu attempts to characterize one of the statements he made in connection with his res judicata/collateral estoppel claim— "It is the Jury's job to determine Guilt or innocence, and their verdict of not guilty cannot be overturned by a Judge"—as a claim that the State violated his right to a jury trial under the Minnesota Constitution when he was indeterminately civilly committed without a trial by jury. Viewing that statement in light of the overall argument presented in Beaulieu's pro se supplemental brief, we conclude that Beaulieu failed to adequately raise the jury trial claim in the district court. We therefore deem the issue waived, and reject Beaulieu's jury trial claim without reaching the merits. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (explaining that this court generally considers "only those issues that the record shows were presented and considered by the trial court in deciding the matter before it" (citation omitted) (internal quotation marks omitted)).

IV.

In sum, the three substantive challenges to Beaulieu's indeterminate civil commitment listed in his September 2006 notice of appeal either fail on the merits or were waived. Under existing law, it is clear the

district court had subject matter jurisdiction over Beaulieu, the facts of Beaulieu's case do not trigger the doctrines of res judicata or collateral estoppel, and Beaulieu waived his right to appellate review of the issue of whether he had a right to a jury trial in civil commitment proceedings. We therefore affirm the court of appeals' decision upholding the district court's summary denial of Beaulieu's petition for a writ of habeas corpus.

Affirmed.

WRIGHT, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.