*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-0445**

Daniel Garcia-Mendoza,
Appellant,

vs.

2003 Chevy Tahoe, Vin #1GNEC13V23R143453,
Plate #235JBM, et al.,
Respondents.

**Filed March 2, 2015
Reversed and remanded
Rodenberg, Judge**

Hennepin County District Court
File No. 27-CV-12-10889

Kirk M. Anderson, Anderson Law Firm, PLLC, Minneapolis, Minnesota (for appellant)

Michael O. Freeman, Hennepin County Attorney, Julie K Bowman, Beverly J. Wolfe, Assistant County Attorneys, Minneapolis, Minnesota (respondent)

        Considered and decided by Rodenberg, Presiding Judge; Hooten, Judge; and Stoneburner, Judge.*

## U N P U B L I S H E D   O P I N I O N

**RODENBERG**, Judge

        This case is on remand from the Minnesota Supreme Court "for further proceedings consistent with" its opinion in *Garcia-Mendoza v. 2003 Chevy Tahoe*, 852

_____
* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

N.W.2d 659 (Minn. 2014). In that opinion, the supreme court concluded that appellant Daniel Garcia-Mendoza "has standing to challenge the forfeiture of the vehicle and cash and that the Fourth Amendment exclusionary rule applies to civil forfeiture actions." 852 N.W.2d at 668. On remand and at our request, the parties filed supplemental briefs to this court addressing five issues: (1) whether appellant is precluded from litigating the constitutional validity of the seizure because he did not seek return of the seized property and suppression under Minn. Stat. § 626.21 (2012); (2) whether respondent Hennepin County waived the argument under section 626.21 by reason of not having raised the issue to the district court; (3) whether appellant is collaterally estopped from relitigating the constitutional validity of the stop and search of the vehicle; (4) whether the record is sufficient to permit a reviewing court to consider the remaining issues; and (5) whether summary judgment was properly granted.

We conclude that appellant may assert a constitutional challenge to the search and seizure without first seeking statutory relief under section 626.21. But we remand to the district court to address collateral estoppel and to resolve factual issues that have not yet been addressed. Should the district court determine that appellant's claim is not barred by collateral estoppel, the district court should address appellant's constitutional challenge to the stop and search of the vehicle under applicable Minnesota law, which also involves unresolved issues of genuine and material fact.

**FACTS**

Appellant was stopped by police on March 19, 2012 for driving 62 to 63 miles per hour in a 60-mile-per-hour zone. *Garcia-Mendoza*, 852 N.W.2d at 661. Police cited

appellant for driving without a Minnesota driver's license and arranged to have the vehicle towed because neither appellant nor his passenger had a valid license to drive it, and the vehicle created a potential traffic hazard. *Id.* During the inventory search that preceded the tow, the officer found a substance that was later determined to be methamphetamine. *Id.* The officer arrested appellant, searched him, and found $611 in cash on his person. *Id.* Respondent Hennepin County seized the vehicle and the cash, and appellant was charged with first-degree possession of a controlled substance. *Id.* Appellant's timely demand for judicial determination of forfeiture under Minn. Stat. § 609.5314, subd. 3 (2010), was stayed pending resolution of the state criminal charge.[1] *Id*. Appellant claimed that the forfeiture was improper because the stop and search of the vehicle were invalid. *Id.*

Subsequently, "appellant was indicted in federal court on three counts alleging that appellant distributed methamphetamine on three different occasions from November 2, 2011, to February 1, 2012; and a fourth count alleging that appellant possessed with the intent to distribute methamphetamine from March 19, 2012," the same incident that was charged by Hennepin County. *Id.* In federal court, appellant moved to suppress the evidence seized in the March 19 stop and search of his vehicle as violating the Fourth Amendment, but the motion was denied. *Id*. at 661-62. He then "pleaded guilty to . . . count two of the federal indictment, which involved the distribution of controlled substances on December 22, 2011." *Id*. at 662. As part of the plea agreement, the other

---

[1] The civil forfeiture statutes have been revised. These amendments are inapplicable to this proceeding because they did not take effect until August 1, 2014. *See id.* at 665 n.6.

3

three counts of the federal indictment were dismissed and appellant agreed to forfeit "any and all property constituting" proceeds, or used in the commission of the offense. *Id.* The state criminal charge of possession of methamphetamine was dismissed on March 19, 2012. *Id.* at 661 n.2.

The stay of the state forfeiture action was dissolved and respondent Hennepin County moved for summary judgment. *Id.* at 662. Respondent Hennepin County's sole ground for seeking forfeiture of the property was that officers had found methamphetamine and money in the vehicle and appellant was convicted of distributing methamphetamine in federal court. The record before the district court was sparse, and the transcript of the argument on the motion is a mere six pages in length. Appellant argued that there remained an unresolved and genuine issue of material fact because the Fourth Amendment exclusionary rule applies to civil forfeiture proceedings and because "the evidence supporting forfeiture was illegally obtained and must be suppressed." *Id.* The district court concluded that the exclusionary rule does not apply, but it "observed in dictum that if the legality of the stop and seizure was an issue, the court would have suppressed the evidence obtained on the ground that there was neither a reasonable or articulable suspicion for the March 19 stop, nor a legitimate basis for the expansion of it." *Id.* (quotation omitted). The district court granted summary judgment based on federal law and appellant's federal plea agreement.

On appeal from the order granting summary judgment, we affirmed the district court's grant of summary judgment in favor of respondent Hennepin County but on different grounds. *See Garcia-Mendoza v. 2003 Chevy Tahoe*, No. A13-0445, 2013 WL

4

6152304, at *4 (Minn. App. Nov. 25, 2013). Applying the rule of exclusive jurisdiction, we reasoned that Minnesota had jurisdiction over the vehicle because the state had first assumed jurisdiction over it. *Id*. at *3 (citing *Strange v. 1997 Jeep Cherokee*, 597 N.W.2d 355, 357 (Minn. App. 1999)). Because the state retained jurisdiction, we concluded that the district court should have applied state forfeiture law instead of relying on federal law. *Id*. Nonetheless, we affirmed the grant of summary judgment because appellant failed to rebut the evidentiary presumption that property in proximity to a controlled substance and vehicles used to transport controlled substances are presumed forfeited. *Id*. at *4; *see* Minn. Stat. § 609.5314, subd. 1(a)(1)(i), (2) (2010)).[2] We declined to extend the exclusionary rule to civil forfeiture actions, as no Minnesota case had previously applied the exclusionary rule to civil forfeitures. *Garcia-Mendoza* 2013 WL 615304 at *3. We also did not "reach respondent Hennepin County's argument that appellant was collaterally estopped from relitigating the March 19 stop and search." *Id*.

The supreme court granted appellant's petition for further review solely on the issue of whether the Fourth Amendment exclusionary rule applies to civil forfeiture actions. *Garcia-Mendoza*, 852 N.W.2d at 662. The supreme court denied respondent Hennepin County's request for conditional cross-review in which respondent Hennepin County argued that the court of appeals erred in "(1) failing to take judicial notice of the

---

[2] We note that the forfeiture statute in effect at the time the property in this case was seized did not require a conviction before the property may be forfeited. *Garcia-Mendoza*, 2013 WL 615304, at *4; *see also* Minn. Stat. § 609.5311, subd. 2(a)(2010)). The forfeiture statute has since been amended and now requires that "[a]n asset is subject to forfeiture by judicial determination" only if "a person is convicted of the criminal offense related to the action for forfeiture." Minn. Stat. § 609.531, subd. 6a(b)(1) (2014).

5

federal district court's order that the March 19 stop and search was lawful; and (2) failing to conclude that appellant is collaterally estopped from relitigating the legality of the March 19 stop and search." *Id.* at 622 n.3.

Relying on *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S. Ct. 1246 (1965), the supreme court held "that the Fourth Amendment exclusionary rule applies to civil forfeiture actions brought under Minn. Stat. §§ 609.531-.5319." *Id.* at 667. The United States Supreme Court in *Plymouth Sedan* had granted certiorari to resolve a split of authority on the question of whether the constitutional exclusionary rule applies to forfeiture actions. 380 U.S. at 696, 85 S. Ct. at 1248. In concluding that the exclusionary rule applies to civil forfeitures, the Supreme Court was persuaded by the fact that (1) forfeiture is quasi-criminal in nature, resulting in penalties that are sometimes greater than the criminal penalty; (2) an automobile is not contraband in the sense that it is not illegal to possess an automobile; and (3) it is the fruit of the search that makes use of the automobile illegal. *Id.* at 699-702, 85 S. Ct. at 1250-52. In concluding that the exclusionary rule applies to civil forfeitures, the Minnesota Supreme Court held that *Plymouth Sedan* "is on point and good law" and that the facts, as well as the forfeiture statutes at issue, are similar. *Garcia-Mendoza*, 852 N.W.2d at 666-67.

After concluding that the exclusionary rule applies to civil forfeiture actions, the supreme court reversed and remanded to this court "for further proceedings consistent with this opinion, including for consideration of the County's other arguments." *Id.* at 668. Although respondent Hennepin County raised four issues in its brief to the supreme court, the supreme court did not grant review concerning any of them. *Id.* The supreme

6

court also noted that "[t]he procedural posture and merits of the County's additional arguments are disputed" but expressed "no opinion on whether the County forfeited its right to raise any of these issues on appeal." *Id.* at 688-89. These additional issues include the collateral estoppel and statutory remedy issues that we directed the parties to address in their supplemental briefs on remand.

## DECISION

Summary judgment is appropriate when there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. We review a grant of summary judgment to determine whether there are genuine issues of material fact and whether the district court erred in its application of the law. *Mattson Ridge, LLC v. Clear Rock Title, LLP*, 824 N.W.2d 622, 627 (Minn. 2012).

Minnesota law provides that "[w]hen property has been used to facilitate drug trafficking or the property represents proceeds from such trafficking, that property is subject to forfeiture." *Garcia-Mendoza*, 852 N.W.2d at 665 (citing Minn. Stat. § 609.5311, subds. 2(a), 4(b) (2010)). Forfeiture is an in rem action, independent of any criminal prosecution. *Id*. "The prosecuting agency seeking to forfeit property benefits from an evidentiary presumption that money 'found in proximity' to controlled substances and motor vehicles containing felony-level amounts of controlled substances are subject to forfeiture." *Id.* (citing Minn. Stat. § 609.5314, subd. 1(a)(1)(i), (2) (2010)). A person with an interest in the property bears the burden of rebutting "this presumption by producing sufficient evidence that (1) he or she owns the property; and (2) the property is not connected to drug trafficking." *Id.*

7

In support of the forfeiture action, respondent Hennepin County argued to the district court that appellant's federal guilty plea to distribution of methamphetamine satisfied the evidentiary presumption that the 2003 Chevrolet Tahoe and cash are subject to forfeiture. Appellant contended that there were genuine issues of material fact because the March 19 traffic stop and search were unconstitutional, and that the items seized could therefore not be forfeited. Although the district court suggested that the traffic stop and expansion of the stop were illegal under Minnesota law, it nonetheless granted summary judgment to respondent Hennepin County because the district court declined to apply the exclusionary rule to this civil forfeiture action. The district court held that federal law and the federal plea agreement required forfeiture of the property. Our earlier opinion held that Minnesota law governs the forfeiture, and the supreme court held that the legality of a stop and search is relevant to a forfeiture proceeding. With this procedural background in mind, we turn to the question of whether the district court's grant of summary judgment was proper.

First, respondent Hennepin County contends that appellant cannot challenge the constitutional validity of the seizure because he failed to file a motion under Minn. Stat. § 626.21. This argument fails.

"A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized . . . for the return of the property and to suppress the use, as evidence, of anything so obtained." Minn. Stat. § 626.21. The word "may" as used in the statute signifies that it is permissive. *See Agassiz & Odessa Mut. Fire Ins. Co. v. Magnusson*, 272 Minn. 156, 165, 136 N.W.2d 861, 868 (1965)

8

(stating that the legislature's use of the word "may" is ordinarily given its literal meaning unless another intention is clear). As written, the statute does not require a person aggrieved by a search and seizure to do anything. Moreover, our caselaw indicates that section 626.21 is appropriate for use by persons seeking the return of property before a criminal complaint has been filed or in cases where there is no criminal proceeding, because otherwise the return of property would undermine a criminal prosecution. *See Bonynge v. City of Minneapolis*, 430 N.W.2d 265, 266 (Minn. App. 1988) (holding that a defendant has no right to appeal a section 626.21 order denying a motion to suppress and return when criminal prosecution had commenced). Indeed, we have said that "since the promulgation of the Rules of Criminal Procedure, the statute is superfluous for purposes of criminal prosecutions." *Id*. Here, there were criminal prosecutions commenced in both state district court and in federal court. Appellant was not required to bring a section 626.21 claim to seek the return of property. Because appellant is not required to seek the return of property under section 626.21 before challenging the constitutional validity of the seizure, he has not waived his right to challenge the validity of the seizure.

Respondent Hennepin County next contends that appellant is collaterally estopped from relitigating the constitutional validity of the stop and search because the federal district court already denied his suppression motion. "Collateral estoppel precludes parties to an action from relitigating in subsequent actions issues that were determined in the prior action." *State v. Lemmer*, 736 N.W.2d 650, 658 (Minn. 2007) (quotation omitted). The supreme court has stated that collateral estoppel functions like an evidentiary ruling: "Where collateral estoppel is applied, the party is simply precluded

9

from presenting evidence that would result in the relitigation of a previously litigated issue." *Id.* "Whether collateral estoppel precludes litigation of an issue is a mixed question of law and fact that is reviewed de novo." *Id.* at 659. Collateral estoppel is appropriate when the following four elements are met:

> (1) the issue was identical to one in a prior adjudication;
> (2) there was a final judgment on the merits;
> (3) the estopped party was a party or in privity with a party to the prior adjudication; and
> (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Ill. Farmers Ins. Co. v. Reed*, 662 N.W.2d 529, 531 (Minn. 2003). But collateral estoppel is not rigidly applied, and a court "will not apply collateral estoppel if its application would work an injustice on the party to be estopped." *Lemmer*, 736 N.W.2d at 659.

Although appellant is the same party involved in the federal prosecution and the state forfeiture proceeding, the issues concerning the constitutional validity of the stop may not be identical. Minnesota analyzes the reasonableness of each incremental intrusion during a traffic stop under the state constitution. *See, e.g.*, *State v. Askerooth*, 681 N.W.2d 353, 364 (Minn. 2004). The parties did not argue, and the district court did not consider, whether the federal district court examined the legality of the stop under the equivalent of the *Askerooth* incremental-intrusion analysis. Moreover, a collateral-estoppel argument must first be raised before the district court. *See Beaulieu v. Minn. Dep't of Human Servs.*, 825 N.W.2d 716, 723-24 (Minn. 2013) (holding that a collateral estoppel argument was not waived when the argument was sufficiently presented to the district court). The record presented here reflects that respondent Hennepin County did

not specifically raise a collateral estoppel issue in its motion for summary judgment. We therefore conclude that remand is appropriate to permit the district court to consider whether appellant is collaterally estopped from raising a constitutional challenge to the stop and search of the vehicle.

Finally, we conclude that the record is not sufficient for consideration of appellant's constitutional challenge to the stop and search of his vehicle. Appellant's challenge to the stop and search was not fully litigated before the state district court because respondent Hennepin County dismissed its charge when appellant was indicted in federal court. Respondent Hennepin County relied on appellant's federal guilty plea as the basis for the forfeiture. The district court's dictum concerning the perceived infirmities of the search and seizure was not a basis for the district court's grant of summary judgment. And it seems plain to us that, on this record, there remain unresolved fact issues concerning whether the stop and the resulting search and seizure were constitutionally permissible under applicable Minnesota law. We therefore conclude that remand is required to permit the district court to fully consider the validity of the stop and search under Minnesota law, should the district court determine that appellant is not collaterally estopped from challenging the stop and search of his vehicle.

**Reversed and remanded.**

11