**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2109EA

_____

James Gladden,                             *
                                           *
          Appellant,                       *
                                           *  On Appeal from the United
     v.                                    *  States District Court
                                           *  for the Eastern District
                                           *  of Arkansas.
John J. Callahan, Acting Commissioner,     *
Social Security Administration,            *
                                           *
          Appellee.                        *

_____

Submitted:  November 20, 1997

Filed:  April 6, 1998

_____

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN, Circuit Judge, and
     STEVENS,* District Judge.

_____

RICHARD S. ARNOLD, Chief Judge.


     Between 1984 and 1991, James Gladden was paid $77,984.30 in social
security disability insurance benefits.  It has now been determined that
Mr. Gladden was not entitled to these benefits, because he had been
engaging in substantial gainful activity

*The Hon. Joseph E. Stevens, Jr., United States District Judge for the Western
District of Missouri, sitting by designation.

during all or most of that period of time. The issue of substantial gainful activity is not now contested. Mr. Gladden did, however, ask the Social Security Administration to waive its right to recover the overpayment. The Secretary of Health and Human Services rejected this request, finding that Mr. Gladden was not without fault in accepting the money. Mr. Gladden filed suit in the District Court for a review of that finding, but that Court, holding that the Secretary's finding was supported by substantial evidence, dismissed the complaint.

We hold that the Secretary's[1] finding is not supported by substantial evidence. Because of erroneous advice received from an official of the Social Security Administration, Mr. Gladden reasonably believed, at least for part of the relevant time period, that he was not engaged in substantial activity as that term is defined by the law, and that he therefore had a right to the payments. He therefore was without fault, as that term is defined by the applicable statute and regulations, and is entitled to a waiver of recovery of the overpayment. We reverse and remand to the District Court with directions to enter judgment in favor of Mr. Gladden.

I.

James Gladden suffered a heart attack in June 1983 at age 49. The heart attack left him unable to return to Reynolds Metals Company, where he had worked as a computer programmer for 25 years. He applied to the Department of Health and Human Services for social security disability insurance benefits in September 1983. In May 1984, an Administrative Law Judge (ALJ) conducted a hearing to determine Gladden's eligibility to receive benefits.

---

[1]The Secretary made the finding under review, but the action now proceeds against the Commissioner of the Social Security Administration by virtue of the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1964.

After listening to Gladden's description of his health problems and resulting limitations, the ALJ explained that "[w]e don't insist that you work unless you're capable of what they call substantial gainful activity . . . in other words can you work eight hours a day 40 [hours] a week." R. 104. The ALJ determined that Gladden's "severe dyspnea, weakness and inability to tolerate normal stress of a work environment, would preclude him from performing any type of substantial gainful activity on a sustained basis." R. 83. Considering Gladden's "maximum sustained work capability, age, education and work experience," the ALJ concluded that Gladden was "disabled," meriting an award of benefits.

At the hearing, Gladden disclosed that he owned a computer business, which he would occasionally visit for an hour or two. R. 94. The ALJ asked him two follow-up questions about the business and then departed from the subject entirely. Gladden answered these questions truthfully. After the ALJ's decision, Gladden started spending more time at the computer business to combat boredom and the isolation of being home alone. R. 46-52. The business was in a downtown area, a more convenient location for him to visit with friends or family, who would call or stop by to see him. He set up an office with a couch, refrigerator, and television and received his mail and newspaper there. Gladden ultimately came to spend the majority of his time at the business location, including weekends, but was not actually working there at first. As his time at the office grew, so apparently did the business-related tasks he performed.

For about seven years after the original decision of the ALJ in 1984, Gladden reported income from the business on his tax returns. In 1990, the Social Security Administration became interested in determining how that income was generated and began conducting a "continuing disability investigation." A Social Security representative called Gladden to ask him about the matter. Gladden explained that he did what he wanted to do during the day, and in response to a question about how much

-3-

time he spent at the office, stated that he spent about 40 hours there each week, without differentiating between recreational and business hours. R. 51. Gladden completed a "Work Activity Report" in which he explained that he did not work there, but rather was simply the owner of the business, called Professional Systems, Inc. A. 64. He then filled out a "Statement of Claimant or Other Person" form stating that he was present at the business 40 hours a week and described his duties as talking to people, handling public relations, hiring and firing, and helping to set fees. He explained that he had started the business in 1977 and had invested approximately $200,000 in it. R. 107-08.

In April 1991, Social Security informed Gladden that it was reopening the ALJ's July 5, 1984, decision approving disability benefits and was contemplating issuing a decision finding that Gladden had not been disabled since June 10, 1983, because his business activities constituted substantial gainful activity precluding the award of disability insurance benefits. In June 1991, the Social Security Appeals Council held that Gladden was not, and never had been, disabled as defined in the Social Security Act. R. 114-16.

On April 1, 1992, Gladden received a notice stating that he no longer qualified for benefits "beginning December 1983," that he had been overpaid $77,984.30 in benefits, and that he was liable to Social Security for repayment. R. 125. Gladden retained counsel and requested waiver of overpayment. Gladden asserted that he was not at fault in accepting the disability benefits because Social Security was aware of his ownership interest in the business at the time of the benefits award and because the time he spent at the office since receiving disability benefits was for social rather than business purposes. He pointed out that the ALJ who had found him disabled had defined "substantial gainful activity" as working 40 hours a week.

On May 5, 1993, Gladden requested a hearing by an ALJ. The request for a hearing was granted. The ALJ concluded that Gladden was at fault in accepting the overpayment of benefits. R. 20-21. Gladden unsuccessfully sought review of the ALJ's decision by the Appeals Council.

Having exhausted his administrative avenues of relief, Gladden filed a complaint in the District Court, seeking waiver of the assessed overpayment. The District Court entered judgment against Gladden on March 11, 1997. This appeal followed. The ALJ's findings will be affirmed if supported by substantial evidence on the record as a whole. Smith v. Schweiker, 728 F.2d 1158, 1161 (8th Cir. 1984). In determining whether there is substantial evidence, we "must take into account whatever in the record detracts from its weight." Id. at 1162 (citation omitted).

II.

Title 42 U.S.C. § 423 (d) (1) (A) (1994) defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

Title 20 C.F.R. § 404.1572 defines "substantial gainful activity."

What we mean by substantial gainful activity.
Substantial gainful activity is work that is both substantial and gainful:

(a)    Substantial work activity.
Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is

done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

> (b)  Gainful work activity.
> Gainful work activity is work activity that you do for pay or profit.  Work activity is gainful if it is the kind of work that is usually done for pay or profit whether or not a profit is realized.

Moreover, the regulations provide that the activities of self-employed individuals must be evaluated to determine whether they constitute substantial gainful activity.  Title 20 C.F.R. § 404.1575 provides that:

> (a)  If you are a self-employed person.  We will consider your activities and their value to your business to decide whether you have engaged in substantial gainful activity if you are self-employed.  We will not consider your income alone since the amount of income you actually receive may depend upon a number of different factors like capital investment, profit sharing agreements, etc.  . . .  We will evaluate your work activity on the value to the business of your services regardless of whether you receive an immediate income for your services.  We consider that you have engaged in substantial gainful activity if . . . (3) You render services that are significant to the operation of a business and receive a substantial income from the business.

> (b) What we mean by significant services. (1)  . . .  [I]f your business involves the services of more than one person, we will consider you to be rendering significant services if you contribute more than half the total time required for the management of the business, or you render management services for more than 45 hours a month regardless of the total management time required by the business.

Gladden acknowledges that when Social Security began its investigation in 1990, his activities constituted services significant to the operation of a business.  The crux

of this case, however, is not the substantive issue of disability or substantial gainful activity, but whether Gladden is entitled to have the admitted overpayment waived because the ALJ told him he would be all right, so to speak, as long as he did not work 40 hours a week. For this question we must turn to the law defining fault.

The statute provides that where an individual is determined to have been overpaid disability benefits, but was not at fault in accepting the overpayment, recovery of the overpayment can be waived. Title 42 U.S.C. § 404 provides:

> (b) No recovery from persons without fault.
> In any case in which more than the correct amount of payment has been made, there shall be no adjustment or recovery by the United States from any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

Fault is defined in the regulations as follows:

> . . . In determining whether an individual is at fault, the Social Security Administration will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations . . . the individual has. What constitutes fault on the part of the overpaid individual . . . depends upon whether the facts show that the incorrect payment to the individual . . . resulted from:
>
> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>
> (b) Failure to furnish information which he knew or should have known to be material; or

> (c)  With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507.

The regulations also state:

> A benefit payment . . . to . . . an individual who fails to meet one or more requirements for entitlement to such payment . . . constitutes an entitlement overpayment.  Where an individual . . . accepts such overpayment because of reliance on erroneous information from an official source within the Social Security Administration . . . with respect to the interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto . . . such individual, in accepting such overpayment, will be deemed to be without fault.

20 C.F.R. § 404.510a.  Furthermore, in such a situation, the regulations direct that recovery will be waived.  20 C.F.R. § 404.512(a) states: "[i]n the situations described in . . . § 404.510a, adjustment or recovery will be waived since it will be deemed such adjustment or recovery is <u>against equity and good conscience</u>. . . ." (Emphasis in original.)  Thus, someone who relies on erroneous information from an official source meets both requirements for waiver set forth in 42 U.S.C. § 404(b):  he or she is without fault, <u>and</u> recovery would be against equity and good conscience.

At the 1984 hearing, the ALJ instructed, "[w]e don't insist that you work unless you're capable of what they call substantial gainful activity . . . in other words can you work eight hours a day 40 [hours] a week." R. 104.  Gladden maintains that under the ALJ's definition, he was not at any time engaging in substantial gainful activity.  The office was a social outlet for him, as evidenced by the couch, refrigerator, and

-8-

television, and by the fact that he received his mail there, and spent weekends there to get out of the house and meet friends.

The Appeals Council found that Gladden's "fail[ure] to disclose [his] full role in the computer store business" caused him to be at fault. R. 157. To the contrary, the record reflects that Gladden forthrightly answered the questions put to him by the ALJ in 1984, and the ALJ did not pursue further investigation into the matter.

At most, the record would support a finding that at some point never determined, Gladden's situation became different from what it was when he appeared before the ALJ in 1984. Gladden might be determined to be at fault for accepting overpayment from such a date forward if the evidence shows he should have recognized that his changed circumstances warranted notice to Social Security, or at least an inquiry about any effect of that change on his eligibility. 20 C.F.R. § 404.507(b) ("[F]ault on the part of the overpaid individual . . . depends upon whether the facts show that the incorrect payment to the individual . . . resulted from [f]ailure to furnish information which he knew or should have known to be material. . . ."). On this record, however, there is no evidence of when (if ever) Gladden began working 40 hours a week, enough to qualify him as not disabled under the definition he had been given, nor does either side ask us to remand the case for further proceedings on that issue.

### III.

Accordingly, we hold that the Secretary's decision to deny a waiver of recovery of overpayment is not supported by substantial evidence. The judgment is reversed, and the cause remanded to the District Court with directions to enter judgment in favor of Mr. Gladden.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.