# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2542

_____

James E. Attia,                          *
                                         *
        Appellant,                  *
                                         *
                                         *    Appeal from the United States
    v.                                   *    District Court for the
                                         *    District of South Dakota
                                         *
Social Security Administration;          *
United States Attorney; United States    *         [UNPUBLISHED]
Attorney General,                        *
                                         *
        Appellees.                  *

_____

Submitted: January 7, 2004

Filed: January 22, 2004

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.


      James E. Attia appeals from the final judgment entered in the District Court[1] for the District of South Dakota affirming the Commissioner's decisions to deny his application for a waiver of past overpayment of benefits and his 1997 application for

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable Mark A. Moreno, United States Magistrate Judge for the District of South Dakota.

supplemental security income (SSI). For the reasons discussed below, we affirm the judgment of the district court.

Attia began receiving SSI benefits in 1979. Sometime in 1989, he purchased 40 acres of land in Stanley County and 80 acres of land in Perkins County, South Dakota, but did not disclose ownership of this land until October 1993. Because the value of the land exceeded $2,000--the amount of allowable resources for an unmarried applicant, see 42 U.S.C. § 1382(a)(3)(B)--the Social Security Administration (SSA) suspended Attia's SSI benefits and determined that Attia had been overpaid $18,288 in benefits from October 1989 to June 1993. Attia later sold the Stanley County land, filed a new application for SSI benefits, and requested waiver of the overpayment. An administrative law judge (ALJ) denied the July 1997 SSI application because the value of the Perkins County land, which Attia still owned, exceeded $2,000. The ALJ also refused to waive overpayment because Attia had been at fault in causing the overpayment. Attia later sold the Perkins County land for a net profit of $1,819, after deducting closing costs.

We review for substantial evidence. See Gladden v. Callahan, 139 F.3d 1219, 1222 (8th Cir. 1998) (standard of review). Attia argues he was not at fault in causing the overpayment because the land was public, he did not own it or obtain income from it, and he lived on part of the Stanley County land. The record shows, however, that Attia purchased the land in 1989 for $7,200, but did not disclose this to the SSA until October 1993; the land patent conferred ownership rights on Attia; and Attia lived on only the Stanley County land and was not living on that property when, in May 1991, he denied owning land on which he did not reside. Thus, we conclude substantial evidence supports the ALJ's decision that Attia was at fault in causing the overpayment. See 20 C.F.R. §§ 416.550 (2003) (recovery of overpayment of SSI benefits is waived when, inter alia, individual is without fault), 416.552 (individual is at fault when incorrect payment resulted from, inter alia, failure to furnish information which individual knew or should have known was material).

-2-

As for the excess resources determination leading to the denial of the 1997 application, even if Attia had a difficult time selling the land and ultimately received a net profit of less than $2,000 for it, the ALJ relied on the tax-assessed values of the property and realtors' estimates of the property's worth, all of which exceeded $2,000.  See 20 C.F.R. § 416.1205 (2003) (aged, blind, or disabled individual with no spouse is eligible for SSI benefits if his nonexcludable resources do not exceed $2,000).  The evidence also did not establish that the property was part of a business essential to Attia's means of self-support.  See 20 C.F.R. § 416.1222 (2003) (how income-producing property essential to self-support is counted).  Thus, we conclude substantial evidence supports the ALJ's decision that the Perkins County land was a countable resource with a value exceeding $2,000.

Attia raises additional points, which we have carefully reviewed, but we find each of these points to be meritless.

Accordingly, we affirm.  We also deny Attia's motions to supplement the record. _____

-3-