# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3278

_____

| | | |
|---|---|---|
| Deanna K. Sipp, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United |
| | * | States District Court for |
| Michael J. Astrue, Social Security | * | the District of Nebraska. |
| Commissioner, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: May 11, 2011
Filed: June 13, 2011

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Deanna K. Sipp received disability insurance benefits under the Social Security Act between September 1994 and March 2004. She was intermittently employed during that time. After an investigation, the Social Security Administration (SSA) notified Sipp in March 2004 that she was ineligible for disability benefits because her employment income had exceeded SSA limits. SSA also determined that Sipp was required to repay more than $60,000 in overpaid benefits. Sipp sought a waiver of overpayment recovery.

An administrative law judge (ALJ) denied her request, and the appeals council declined to hear the case. Sipp then sought judicial review. After the district court[1] remanded the case to the agency for consideration of evidence that the ALJ's first decision had neglected to address, the ALJ again denied the waiver. The ALJ also concluded that she lacked authority to consider Sipp's new argument contesting the amount of the overpayment itself, which she had raised for the first time in her district court complaint. After the appeals council again denied review, the district court entered judgment for SSA, affirming the ALJ on both issues. Sipp appeals. We affirm.

I.

Sipp suffers from profound hearing loss. She received social security disability benefits from 1978 to 1982 and 1994 to 2004. For each round of benefits she completed an SSA benefit application form in which she agreed to notify the agency of changes in her employment status. She acknowledged in each application that employment changes could affect her eligibility for benefits.

After she began receiving benefits in 1994, Sipp started working part time at public schools in Lincoln, Nebraska. She worked there between August 1995 and June 1996, but she made no written report to SSA about that employment. In February 2002, SSA asked Sipp to report her work history for 2000 and 2001. Sipp reported that she had worked at a summer camp for children with hearing loss in July and August of both 2000 and 2001. Sipp completed a second work activity report in August 2003, which explained that she had worked at the summer camp every year from 1996 to 2001. The second report also informed SSA that Sipp worked as an

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

office clerk starting in April 2003, but it did not mention her work at the Lincoln public schools.

Following Sipp's second report, SSA sought pay records from all of her employers to determine if her work activity had made her ineligible for benefits. Disability beneficiaries are entitled to a trial work period in which they can work for nine months within a sixty month span without losing benefits. See 20 C.F.R. § 404.1592. At the conclusion of the trial work period, beneficiaries receive a thirty six month extension of eligibility. See id. § 404.1592a. During the extension of eligibility, SSA pays benefits for any month in which the beneficiary did not receive employment income above a certain threshold. See id. SSA's investigation revealed that Sipp had exhausted her trial work period by May 1996. Her extension of eligibility began immediately thereafter, and she exceeded the income threshold for the first time in July 1997 because of her summer camp work. For SSA's purposes her disability ceased that month. See id. Her extension of eligibility continued through May 1999. As soon as she began receiving employment income above the threshold again, in July 1999, her entitlement to benefits ended. See id.

SSA informed Sipp in March 2004 that she was no longer eligible for benefits and that she had already received some payments to which she was not entitled. SSA sent her a letter in July 2005 advising her that she must repay $63,406.90 in overpaid benefits. In the same letter, SSA told her that she could contest the debt by filing within sixty days a request for reconsideration disputing the amount of the overpayment or a request asking SSA to waive her obligation to repay.

Sipp filed a request for waiver, but not for reconsideration. She checked a box on the waiver form indicating that the reason for her request was that the overpayment was not her fault and that she could not afford to repay the money. On the form she stated that she could not recall whether she had reported her July 1997

-3-

work activity to SSA. She wrote that the overpayment was not her fault because she had worked for only five weeks during the summer of 1997.

Sipp attended a personal conference with an SSA employee to discuss her waiver request. After that meeting, SSA concluded that Sipp could not prove she had timely reported her work and thus could not establish that she was not at fault for its overpayment. SSA also determined that Sipp could repay at least some money without undergoing financial hardship. Sipp then sought review from an ALJ. Her attorney's prehearing memorandum listed waiver as the only issue to be decided. For substantially the same reasons given by SSA after her personal conference, the ALJ held that Sipp was not entitled to a waiver. The appeals council denied Sipp's request for review, which had again listed waiver as the only issue to be decided.

Sipp retained new counsel and invoked her right to judicial review in federal district court. Her complaint there challenged for the first time whether SSA had properly calculated the amount of the overpayment itself, as well as its decision to deny her a waiver of overpayment recovery. Before the district court took any action on the merits, SSA moved that the case be remanded because the ALJ had inadvertently overlooked Sipp's February 2002 work activity report when evaluating whether she had adequately reported her employment to the agency. The district court retained jurisdiction while granting the request for remand, directing the ALJ to consider the 2002 report in her next decision.

The ALJ held a supplemental hearing in July 2009. Sipp argued that the hearing should address not only her request for waiver, but also her new challenge to the overpayment itself. The ALJ found that her authority was limited to considering the waiver request, which she again denied after reviewing the 2002 report. The appeals council rejected Sipp's request for review, and the case returned to the district court.

The district court affirmed the ALJ's determination that Sipp was barred from arguing issues other than her waiver request. It declined to address issues that were beyond the scope of the remand and were not exhausted administratively within the limitations period. The court rejected Sipp's argument that principles of equitable tolling should excuse her failure to pursue timely administrative remedies. The court addressed the merits of Sipp's request for a waiver of overpayment recovery, holding that substantial evidence supported the ALJ's decision to reject her request. Following the district court's decision in favor of SSA, Sipp moved to alter or amend the judgment. The district court denied that motion.

Sipp now appeals on two separate issues. First, she challenges the district court's refusal to consider the merits of her attack on the overpayment itself. Second, she argues that she should have been granted a waiver of overpayment recovery.

II.

Whether the district court should have considered the merits of Sipp's overpayment challenge is a question of "[s]ubject matter jurisdiction based upon exhaustion of administrative remedies," which we review de novo. In Home Health, Inc. v. Shalala, 272 F.3d 554, 559 (8th Cir. 2001).

Federal courts have jurisdiction over social security claims under 42 U.S.C. § 405(g), which permits judicial review of a final decision of the social security commissioner. The commissioner's decision is not final unless the claimant has presented a claim for benefits to the commissioner and has exhausted the prescribed administrative remedies before seeking judicial review. Schoolcraft v. Sullivan, 971 F.2d 81, 84-85 (8th Cir. 1992). The presentation requirement must be met in every case, and a plaintiff's failure to present a claim to the commissioner divests federal courts of jurisdiction entirely. Mathews v. Eldridge, 424 U.S. 319, 328 (1976). The administrative exhaustion requirement can however be excused, either by consent of

the commissioner or in exceptional circumstances by the court. <u>Schoolcraft</u>, 971 F.2d at 85 & n.7.

Sipp did not exhaust her administrative remedies with respect to her challenge to the overpayment. A request for waiver of overpayment is distinct from a request for reconsideration. <u>See</u> 20 C.F.R. § 404.902(j)-(k). A request for reconsideration is the proper vehicle for a challenge to an overpayment determination. <u>See</u> <u>id.</u> § 404.502a(f), 404.907. Sipp received notice of the overpayment and failed to request reconsideration within sixty days. At the end of that period, SSA's initial overpayment determination became binding and not subject to judicial review. <u>See</u> <u>id.</u> § 404.905.

Sipp argues that she did exhaust her administrative remedies, pointing out that she had written on the waiver request form that the overpayment was not her fault because she had worked for only five weeks in the summer of 1997. She claims that her written comment effectively questioned SSA's determination of when her disability had ended, which would affect its calculation of the overpayment. In her view, this provided notice to SSA that she was challenging the overpayment.

Even if Sipp's comment on the waiver form were to be construed as a request for reconsideration, however, she failed to pursue that request at any administrative level prior to remand. Had she done so, the administrative exhaustion requirement would have served its purposes of "afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise" and "compil[ing] a record which is adequate for judicial review." <u>Weinberger v. Salfi</u>, 422 U.S. 749, 765 (1975). Sipp did not exhaust her administrative remedies. Thus, the agency's expertise has not been brought to bear on her challenge to the overpayment and there is no record for us to review.

-6-

Sipp next argues that SSA may not assert the administrative exhaustion defense because it failed to do so the first time the case came before the district court. She bases her argument on the general rule that "failure to plead an affirmative defense results in a waiver of that defense." First Union Nat'l Bank v. Pictet Overseas Trust Corp., 477 F.3d 616, 622 (8th Cir. 2007). SSA points out that Sipp did not present that argument to the district court while the case was before it. She only attempted to raise it in a motion to alter the district court's final judgment under Federal Rule of Civil Procedure 59(e). That motion was denied. Prior to that time, and without the benefit of argument from the parties, the district court appeared to treat the administrative exhaustion requirement not as a forfeitable affirmative defense, but as a condition of subject matter jurisdiction which cannot be waived by a party's failure to raise it. See, e.g., Beaulieu v. Minnesota, 583 F.3d 570, 574 (8th Cir. 2009). We need not decide that question because an issue first raised on a Rule 59(e) motion is not preserved for our de novo review. Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 469 (8th Cir. 2004).

As the district court explained, Rule 59(e)'s limited purpose is to allow the trial court to correct manifest errors of law or fact. Johnson v. Chater, 108 F.3d 942, 945 n.3 (8th Cir. 1997). The district court's denial of such a motion is reviewed for a clear abuse of discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413-14 (8th Cir. 1988). Sipp has not shown that the district court abused its discretion in denying her motion to alter the judgment. Nor has she argued that this court should give fresh consideration to her argument because manifest injustice would otherwise result. Cf. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

Finally, Sipp urges the court to use its equitable powers to excuse her failure to pursue her challenge to the overpayment through administrative channels within the appropriate time period. The district court correctly concluded that equitable tolling is not available in this case. Equitable tolling can sometimes allow a claim otherwise barred by a limitations period to proceed, Medellin v. Shalala, 23 F.3d 199,

202 (8th Cir. 1994), but circumstances that might justify the application of this "extraordinary remedy," such as "misconduct on the part of the agency or gross, but good-faith, error on the part of the claimant," id. at 204, are not present in this case.

We conclude that the commissioner made no judicially reviewable "final decision" on Sipp's challenge to the overpayment. Because Sipp did not timely challenge the overpayment, she failed to meet the administrative exhaustion requirement. That failure can be overcome only if SSA or the court consents, and neither entity has done so. Since no final decision was made, the district court lacked jurisdiction under § 405(g) to consider Sipp's challenge to the overpayment, and its ruling should be affirmed.

III.

Sipp also appeals the district court's holding that she was not entitled to a waiver of overpayment recovery. On this issue SSA does not dispute that Sipp has exhausted her administrative remedies and obtained a final decision. Having jurisdiction over this claim, we review de novo the district court's judgment upholding the ALJ's decision to deny the waiver. Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006). We conduct our review by deciding whether substantial evidence on the record as a whole supports the ALJ's decision. Neal ex rel. Walker v. Barnhart, 405 F.3d 685, 688 (8th Cir. 2005). When an individual seeks a waiver of overpayment recovery, she has the burden of proof. See Coulston v. Apfel, 224 F.3d 897, 900 (8th Cir. 2000) (per curiam).

Sipp was entitled to waiver only if she was "without fault" in causing the overpayment. 42 U.S.C. § 404(b). Fault includes the "[f]ailure to furnish information which [the overpaid individual] knew or should have known to be material." 20 C.F.R. § 404.507(b).

-8-

Substantial evidence supports the ALJ's decision denying waiver in this case. Sipp did not provide documentation of any of her work to SSA until February 2002 despite intermittent employment from 1995 on. The ALJ properly found that Sipp knew or should have known that her work information was material because of her agreement to report such work in her 1978 and 1994 benefit applications. There was no evidence that she did not understand her obligation to report. Sipp is not entitled to a waiver of overpayment recovery because substantial evidence shows that she was not without fault in causing the overpayment.

For these reasons, we affirm the judgment of the district court.

_____