Albert KINKLE, Plaintiff–Appellant,

v.

Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant–Appellee.

No. 14–3708.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 20, 2015.*

Decided Oct. 20, 2015.

Albert Kinkle, Chicago, IL, pro se.

Cynthia A. Freburg, Attorney, Social Security Administration Office of the General Counsel, Region V, Chicago, IL, for Defendant–Appellee.

---

\* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R.APP. P. 34(a)(2)(C).

Before JOEL M. FLAUM, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge, DAVID F. HAMILTON, Circuit Judge.

## ORDER

Albert Kinkle appeals a judgment dismissing his civil suit against the Social Security Administration as frivolous or for failure to state a claim. We affirm.

In 2014 Kinkle sued the Social Security Administration, alleging that the agency cut off his benefits after trumping up fraud charges against him. The district court at screening, 28 U.S.C. § 1915(e)(2)(B)(i), (ii), determined that any claim of false arrest or malicious prosecution was time-barred under the Federal Tort Claims Act, 28 U.S.C.A. § 2401(b), and that any challenge to a cutoff of benefits was misplaced because Kinkle's benefits already had been reinstated, supplemented by an award of back benefits. The court further noted that to the extent Kinkle was dissatisfied with the agency for reducing his monthly benefit to satisfy an overpayment, he had not given the court any indication that he had exhausted his administrative remedies before suing in federal court.

On appeal Kinkle continues to suggest that the agency is improperly deducting funds from his monthly benefits to satisfy an overpayment. But Kinkle still does not allege that he has exhausted his administrative remedies as he must do before he may challenge the recoupment of the overpayment in federal court. *See Rodysill v. Colvin,* 745 F.3d 947, 949 (8th Cir.2014) (applying 20 C.F.R. § 404.506); *Sipp v. Astrue,* 641 F.3d 975, 979–80 (8th Cir.2011) (applying 20 C.F.R. §§ 404.907).

AFFIRMED.