**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2015[*]
Decided October 20, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3708

| | |
|---|---|
| ALBERT KINKLE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois |
| | Eastern Division. |
| *v.* | |
| | No. 14 C 4468 |
| CAROLYN W. COLVIN, | |
| Acting Commissioner of Social Security | Matthew F. Kennelly, |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

Albert Kinkle appeals a judgment dismissing his civil suit against the Social Security Administration as frivolous or for failure to state a claim. We affirm.

In 2014 Kinkle sued the Social Security Administration, alleging that the agency cut off his benefits after trumping up fraud charges against him. The district court at

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

screening, 28 U.S.C. § 1915(e)(2)(B)(i), (ii), determined that any claim of false arrest or malicious prosecution was time-barred under the Federal Tort Claims Act, 28 U.S.C.A. § 2401(b), and that any challenge to a cutoff of benefits was misplaced because Kinkle's benefits already had been reinstated, supplemented by an award of back benefits. The court further noted that to the extent Kinkle was dissatisfied with the agency for reducing his monthly benefit to satisfy an overpayment, he had not given the court any indication that he had exhausted his administrative remedies before suing in federal court.

On appeal Kinkle continues to suggest that the agency is improperly deducting funds from his monthly benefits to satisfy an overpayment. But Kinkle still does not allege that he has exhausted his administrative remedies as he must do before he may challenge the recoupment of the overpayment in federal court. *See Rodysill v. Colvin*, 745 F.3d 947, 949 (8th Cir. 2014) (applying 20 C.F.R. § 404.506); *Sipp v. Astrue*, 641 F.3d 975, 979–80 (8th Cir. 2011) (applying 20 C.F.R. §§ 404.907).

AFFIRMED.