# United States Court of Appeals

### For the Eighth Circuit

_____

No. 25-1697

_____

Cadero King

*Plaintiff - Appellant*

v.

Frank Bisignano, Commissioner of Social Security Administration[1]

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 26, 2025
Filed: December 9, 2025
[Unpublished]

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

_____

[1]Frank Bisignano has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

PER CURIAM.

Cadero King, who was awarded supplemental security income (SSI) in 2020, appeals the district court's[2] dismissal of his pro se action seeking payment of disability insurance benefits (DIB) and SSI benefits for 2012-2019. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

To the extent King sought to appeal the 2020 SSI benefits award, or the 2020 denial of DIB, he failed to exhaust his administrative remedies. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (allowing judicial review of final decision of Social Security Administration made after hearing); *Sipp v. Astrue*, 641 F.3d 975, 979 (8th Cir. 2011) (standard of review). To the extent King sought review of the prior administrative law judge (ALJ) decision that found he was not disabled through 2017, res judicata precluded any consideration of his eligibility for benefits through the date of the ALJ's decision, as this court affirmed the decision. *See King v. Saul*, 809 Fed. Appx. 333, 334 (8th Cir. 2020) (unpublished per curiam); *Aguiniga v. Colvin*, 833 F.3d 896, 900 (8th Cir. 2016) (applying res judicata to Social Security determination involving previously, finally adjudicated period). Further, King's award of SSI did not make him eligible for any retroactive benefits before his 2020 application date, *see* 20 C.F.R. § 416.335 (earliest month individual can be paid SSI benefits is month following month in which he filed application); and he could not bring a negligence claim against the Social Security Administration based on its handling of his applications, *see Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir. 1988) (per curiam) (Social Security Act bars action for negligent handling of disability claim).

The judgment is affirmed.

_____

[2]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska, adopting the report and recommendations of the Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.